Fish v. Robinson.

## LANDLORD AND TENANT—PLEADINGS—TRIAL.

[Hamilton (1st) Circuit Court, June 24, 1911.]

Smith, Swing and Jones, JJ.

GEORGE F. FISH ET AL. v. JOHN F. ROBINSON.

1. **Testimony Unnecessary if Pleadings Disclose Full Facts.**

If pleadings disclose all the facts relative to a contract in controversy introduction of evidence is unnecessary; hence, a judgment will not be reversed for refusal of the trial court to permit the introduction of testimony as to the circumstances surrounding the parties at the time the contract in question was made.

2. **Stipulated Sum Payable upon Forfeiture of Lease for Releasing Regarded as Liquidated Damages Suable for at Election of Lessor.**

A stipulation in the lease of a theater for payment of $5,000 to the lessor as a forfeiture in case of the releasing of the property, will be regarded as an agreement for liquidated damages in that amount, not as a penalty; in case of violation of the stipulation the lessor may elect whether he will sue, for the sum named as liquidated damages or for a forfeiture.

3. **Partnership not Established Between Lessee and Sublessee by Sale of Real Estate.**

An agreement between a lessee and one to whom he has surrendered possession of the property, that the lessee is to be saved from all losses and is to receive rent from said third party who is to pay all bills, does not establish a partnership between them but constitutes an assignment of the lease to said third party.

ERROR to Cincinnati superior court.

On the trial below motion for judgment on the pleadings was granted, Judge Spiegel rendering an opinion as follows:

"This cause arises out of the following state of facts:

"John Robinson, through his agent, the Robinson estate, rented this opera house to George F. Fish and other parties. The lease contained a provision against releasing or assigning the lease, and a sum of $5,000 dollars was named, called a forfeiture, if the defendants in this case should transgress this stipulation.

"During the numerous motions that were made, the court

ordered the defendant to attach to his answer a certain paper, which defendant claimed was an article of partnership with those who conducted the theatre.

"This was an assignment of the lease, and not a partnership, and thereupon a breach of the original lease by the Robinson estate to Fish.

"The second question arises, whether the sum provided therein and agreed on by both of the parties, namely $5,000, was a penalty or liquidated damages.

"I find from the nature of the transaction, and from the pleadings before me, that this amount was intended as liquidated damages.

"Next, I pass on the other proposition whether there could be any testimony introduced for the purpose of showing the amount was excessive and not proper.

"I find the parties have agreed upon $5,000. It was a theatrical enterprise, leased by Robinson for a theatre to certain parties to conduct a theatre, and as I find, afterwards leased by the lessees to others.

"A jury would not be able to tell whether the parties injured the theatre or not, and I think the parties had a right, under the circumstances, the reputation of the theatre being involved, to fix the amount of damages for the assignment of the lease, making it liquidated damages."

*Kramer & Bettman,* for plaintiff in error. .

*Sayler & Sayler,* for defendant in error.

SMITH, P. J.

By consideration of the trial court, defendant in error recovered a judgment upon the pleadings in the above case, to set aside which this action is brought.

The pleadings disclose that defendant in error, being the owner of an opera house building in Cincinnati, leased the same to plaintiffs in error by indenture of lease dated September 5, 1904, for a term ending on June 19, 1907, at a rental value of $9,000 per year, the lease containing a provision that plaintiffs in error should not sell, rent, transfer or assign said leased

Fish v. Robinson.

premises, or any part thereof, without the written consent of the said lessor, under a forfeiture of $5,000; that in pursuance of said contract of lease, said plaintiffs in error entered into possession of said premises under the terms of the lease, the same being for theatrical purposes; that on December 26, 1906, a few months prior to the expiration of said term, said plaintiffs in error executed a contract with one Canfield, by the terms of which Canfield assumed control of the property in question and was to pay rent for the same to plaintiffs in error, and thereafter under this contract Canfield conducted the theatrical business in said premises.

Plaintiffs in error complain that the judgment of the court below is wrong for the reasons:

First, that evidence should have been introduced to show all the circumstances surrounding the parties at the time the contracts were made.

Second, that defendant in error waived the condition and covenant in the lease against renting, and estopped himself from enforcing said contract for the reason that after December 28, 1906, the date of the execution of the contract between Canfield and plaintiffs in error, he accepted rent under the lease with knowledge of the contract.

Third, that the provision against renting or assigning said lease is one for a forfeiture and not for liquidated damages; and

Fourth, that as a matter of fact there was no assignment of the lease in question; but that the contract between plaintiffs in error and Canfield was that of a partnership.

We do not think any of these contentions of plaintiff in error are well taken. The pleadings themselves sufficiently set forth the facts existing under the lease and contract to Canfield, and what was done thereunder.

There was no waiver on the part of defendant in error of the covenant not to transfer the lease, as defendant in error would have the right to sue upon the covenant and recover the liquidated damages mentioned in the lease, or for a forfeiture under the terms of the lease.

Hamilton County.

Under the case of *Doan* v. *Rogan,* 79 Ohio St. 372 [87 N. E. Rep. 263], the court is of the opinion that the $5,000 mentioned in the lease as a forfeiture in case plaintiffs in error should assign or transfer the lease, was the sum fixed and intended by the parties as liquidated damages for the breach of the contract of lease, and was not a penalty. This we gather from the entire instrument itself.

Plaintiffs in error further contend that the contract between them and Canfield was not an assignment of the lease in question but was only a contract of partnership between them. In this contention we can not agree with plaintiffs in error. Under this contract plaintiffs in error were to receive rent from Canfield for the balance of the term, but not to be liable for any losses, and all bills were to be paid by Canfield; clearly the instrument shows that it was an assignment of the lease and not a contract of partnership.

The pleadings fully disclosing all the facts, the introduction of evidence was immaterial and unnecessary.

The judgment of the court below upon the motion for judgment being correct, the same is affirmed.

**Swing** and **Jones, JJ.,** concur.